[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11641
Non-Argument Calendar

_____

D.C. Docket No. 2:19-cv-00073-LGW
Bkcy. No. 2:19-bkc-20244-AJK

In re: MARVIN B. SMITH, III,
        SHARON H. SMITH,

                                                                Debtors.

_____

MARVIN B. SMITH, III,
SHARON H. SMITH,

                                                        Plaintiffs-Appellants,

HSBC BANK USA,
HSBC BANK USA, N.A.,
HSBC BANK USA, NATIONAL ASSOCIATION,
as Trustee for the Holders of BCAP LLC Trust
2006-AA2,
PATRICK J. BURKE,
Pres./CEO of HSBC Bank USA, N.A.,

GEREMY GREGORY,
Agent for Balch & Bingham LLP, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 18, 2021)

Before JILL PRYOR, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Marvin and Sharon Smith, proceeding pro se,[1] appeal the district court's order affirming the bankruptcy court's order denying the Smiths' motion to enforce a bankruptcy discharge injunction and to hold in contempt certain parties involved in the foreclosure proceedings on the Smiths' home.  The Smiths sought a contempt order against (1) HSBC Bank USA, HSBC Bank USA, N.A., and HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 (collectively "HSBC"); (2) an HSBC corporate officer; and (3) several

_____

[1] We construe liberally pro se pleadings.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

lawyers, law firms, a realtor, and a realty company.  No reversible error has been shown; we affirm.

I.    Background

Briefly stated, the Smiths seek to challenge the foreclosure and dispossessory proceedings on their home in St. Simons Island, Georgia (the "Property").  Given the complicated and lengthy procedural history underlying this appeal, we will summarize the facts and proceedings only as necessary to provide context for our decision.[2]

In 2007, the Smiths filed for bankruptcy seeking to discharge over $ 2 million in mortgage debt on the Property.  On their bankruptcy petition, the Smiths listed Countrywide Home Loans ("Countrywide") as holding two secured claims against the Property.

In 2008, Countrywide -- as servicing agent for HSBC -- moved for relief from the automatic stay under 11 U.S.C. § 362(a).  The bankruptcy court denied the motion but entered a Consent Order modifying the automatic stay to allow the bankruptcy trustee to market the Property for sale.  If the Property remained unsold

---

[2] A more thorough description of the underlying factual and procedural history is set forth in the district court's decision.  See Smith v. HSBC Bank, N.A., 616 B.R. 438 (S.D. Ga. 2020).

3

as of 4 May 2009, the automatic stay would terminate without further hearing or order and foreclosure proceedings could commence.

In July 2009, the bankruptcy court denied the Smiths' motion to vacate the Consent Order and stated that foreclosure on the Property could proceed. The district court affirmed; we dismissed the Smiths' appeal as frivolous.

In April 2012, the bankruptcy trustee abandoned the bankruptcy estate's interest in the Property. In January 2013, the bankruptcy trustee objected to a proof of claim filed earlier by Countrywide ("Claim No. 10") on grounds that the mortgage loan on the Property was "secured by property either abandoned or not administered by the Trustee and, therefore, [Countrywide] should look to its collateral for satisfaction of the debt." The bankruptcy court sustained the objection and disallowed Claim No. 10.

HSBC foreclosed on the Property in May 2015. On 1 June 2016, the bankruptcy court entered an order discharging the Smiths' debt under Chapter 7. The Smiths were evicted from the Property in August 2017.

In August 2018, the Smiths filed the motion at issue in this appeal: a motion titled "Emergency Motion to Enforce Discharge Injunction and Motion for Issuance of an Order to Respondents to Show Cause why they should not be Held in Contempt" ("Contempt Motion"). The Smiths contended that -- by enforcing

4

the lien and foreclosing on the Property -- HSBC and the lawyers, law firms, and realtors involved in the foreclosure proceedings violated the bankruptcy court's discharge injunction under 11 U.S.C. § 524 and the bankruptcy court's order disallowing Claim No. 10.

The bankruptcy court denied the Contempt Motion. The bankruptcy court concluded that the Chapter 7 discharge had no effect on the lien on the Property and, thus, the foreclosure proceedings "had nothing to do with the Smiths or their discharge." The bankruptcy court also found no violation of the order disallowing Claim No. 10. The district court affirmed.

II.    Discussion[3]

We review de novo legal conclusions of both the bankruptcy court and the district court. See Finova Cap. Corp. v. Larson Pharmacy, Inc. (In re Optical Techs., Inc.), 425 F.3d 1294, 1299-1300 (11th Cir. 2005). We review for clear error the bankruptcy court's factual findings. See id. at 1300.

---

[3] In their appellate brief, the Smiths reiterate arguments they have raised in other related civil actions about HSBC's alleged violations of the automatic stay. Because these arguments were not raised below in connection with the Smiths' Contempt Motion, the arguments are not properly before us in this appeal.

A. Discharge Injunction

A Chapter 7 discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). The Supreme Court has said that -- while a Chapter 7 discharge extinguishes the personal liability of the debtor -- it does not extinguish a creditor's right to foreclose on a valid mortgage on the debtor's property. See Johnson v. Home State Bank, 501 U.S. 78, 83 (1991). Instead, "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." Id.

Under the Bankruptcy Code, the Smiths' Chapter 7 discharge had no impact on the validity or enforceability of HSBC's lien against the Property. HSBC thus retained the right to foreclose. The bankruptcy court concluded correctly that the complained-of acts taken by HSBC and others to foreclose, evict, or to sell the Property constituted no violation of the Smiths' Chapter 7 discharge injunction.

6

B.  Disallowance of Claim No. 10

The bankruptcy court also concluded correctly that the validity of HSBC's lien against the Property was unaffected by the disallowance of Claim No. 10.  The record demonstrates that the bankruptcy trustee sought to disallow Claim No. 10 because the trustee had earlier abandoned the Property and the Property was thus no longer part of the bankruptcy estate.  Never did the bankruptcy trustee challenge the validity or enforceability of the lien on the Property.  To the contrary, the bankruptcy trustee said expressly that HSBC "should look to its collateral for satisfaction of the debt."  By sustaining the trustee's objection and disallowing Claim No. 10, the bankruptcy court disallowed only HSBC's claim to an interest in the bankruptcy estate.  The bankruptcy court made no merits determination about the validity or enforceability of HSBC's lien on the Property.

We reject the Smiths' contention that the disallowance of a claim under the circumstances presented in this case operates to void automatically an otherwise valid lien under 11 U.S.C. § 506(d).  We cannot conclude that the bankruptcy court erred in finding no violation of the disallowance order.

7

C. Constitutional Due Process

On appeal, the Smiths contend they were denied their due process rights when the bankruptcy court ruled on their Contempt Motion without an evidentiary hearing.  This argument is without merit.  Generally speaking, due process rights are attributed to the party against whom contempt sanctions are sought.  See Mercer v. Mitchell, 908 F.2d 763, 766-67 (11th Cir. 1990).  We have found no binding precedent requiring these same due process protections for the party seeking the issuance of a contempt order.

The Smiths also contend that adverse rulings by the bankruptcy court and the district court denied the Smiths their due process right to object to the real party in interest.  We reject these conclusory arguments.  That Plaintiffs are dissatisfied with the outcome of the proceedings establishes no constitutional violation.

AFFIRMED.